**Robert E. STOVER, Plaintiff–Appellant,**

v.

**Steve BENN; Chris Olsen; Daniel Johnson; Alan Schafer, Defendants–Appellees.**

No. 02–1963.

United States Court of Appeals, Sixth Circuit.

May 23, 2003.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit,

Before COLE, GILMAN, and BRIGHT,* Circuit Judges.

### ORDER

Robert E. Stover, a Michigan prisoner proceeding pro se, appeals a district court

sitting by designation.

judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 6, 2001, Stover filed a complaint against Michigan State Police Troopers Steve Benn, Chris Olsen, and Daniel Johnson, and Gratiot County, Michigan Deputy Sheriff Alan Schafer. Stover alleged that the defendants arrested and charged him with "Domestic Violence" and "Attempted Resisting and Obstructing." Stover was subsequently tried and acquitted of the charges on March 17, 1999. Relying upon the Fourth, Eighth, and Fourteenth Amendments, Stover alleged that the defendants lacked authority to arrest him, used excessive force when effectuating the arrest, inflicted cruel and unusual punishment upon him during the arrest, and violated his right to equal protection when arresting him. Stover also alleged state law claims for false arrest and imprisonment, assault and battery, and malicious prosecution arising out of the same events. Stover sought monetary relief only.

The defendants filed motions for summary judgment, to which Stover responded. A magistrate judge filed a report recommending dismissal of the case. Stover did not file any objections to the report and recommendation. Thereafter, the district court adopted the magistrate judge's report and recommendation, granted the defendants' motions for summary judgment, and dismissed the case. Stover filed a timely appeal. Stover has filed a motion for appointment of counsel, to which Schafer has responded

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001).

Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that Stover waived his right to appeal. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation in order to preserve the right to appeal a subsequent judgment of the district court adopting that report. *United States v. Real Prop. Located at 1184 Drycreek Rd., Granville, Ohio 43023,* 174 F.3d 720, 725 (6th Cir.1999); *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). On May 31, 2002, the magistrate judge filed a report in which he recommended granting the defendants' motions for summary judgment based upon his determination that Stover's state law claims were barred by the applicable statutes of limitation and Stover's constitutional claims lacked merit. The report and recommendation contained the following warning: "The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Roberts' acceptance thereof is waived." The report and recommendation also indicates that a copy of the report was mailed to all parties of record on May 31, 2002. Stover did not file any objections to the magistrate judge's report and recommendation despite being advised to do so.

Approximately one month later, the district court noted that "the Court has not received objections from either party within the time frame provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(3)," adopted the magistrate judge's report and recommendation, and entered judgment in

favor of the defendants. Thus, Stover has waived his right to appeal the disposition of the claims raised below. *See Real Prop. Located at 1184 Drycreek Rd., Granville, Ohio 43023,* 174 F.3d at 725; *Willis,* 931 F.2d at 401; *Walters,* 638 F.2d at 949–50. Although exceptional circumstances may warrant departure from the waiver rule in the interests of justice, *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), no exceptional circumstances exist in this case.

Accordingly, the motion for appointment of counsel is denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.